NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMAN RAHMAN, AKA Mohammad Amanur Aman Rahman Mullah; et al., <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   13-72901 <br><br> Agency Nos.   A075-623-466 <br> A075-623-467 <br> A075-708-640 <br> A075-708-641 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2017**
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and HELLERSTEIN,*** District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Aman Rahman, Urmi Rahman, and Sharat Rahman, natives and citizens of Bangladesh, and Mita Rahman, a native of Pakistan and citizen of Bangladesh, petition for review of the Board of Immigration Appeals' (BIA) denial of various petitions, all on July 25, 2013. The BIA refused Aman and Mita Rahmans' withholding of removal claims under 8 U.S.C. § 1231(b)(3) and their claims for protection under the Convention Against Torture (CAT) per 8 C.F.R. §§ 1208.16–18. It also denied Urmi Rahman's request for cancellation of removal for a non-permanent resident under 8 U.S.C. § 1229b, and all respondents were refused the privilege of voluntary departure under 8 U.S.C. § 1229c. As the parties are familiar with the facts, we do not recount them here. We affirm the BIA's decision and dismiss the associated petitions.

We review the BIA's decision to deny withholding of removal and CAT relief based on adverse credibility determinations under the "substantial evidence" standard. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010); *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). This standard of review allows us to reverse the BIA "only if the evidence in the record compels a contrary result." *Parussimova v. Mukasey*, 555 F.3d 734, 738 (9th Cir. 2008). When making an adverse credibility determination, the BIA must consider the totality of the circumstances and may base its decision on the applicant's demeanor, candor,

2

responsiveness, inherent plausibility, consistency, inaccuracies, falsehoods, or other relevant factors. 8 U.S.C. § 1158(b)(1)(B)(iii).

The BIA denied relief to Aman Rahman because he admitted to knowingly filing a frivolous application for asylum and to providing false testimony to the Immigration Court in 2004, including testifying that he was beaten by Bangladeshi government forces in 1996 and that he entered the United States in 1998 to flee persecution. The record unequivocally shows that he entered the United States on a B-2 visa that expired on July 30, 1991, that he had been in Sweden, not Bangladesh, before coming to the United States, and that he had not returned to Bangladesh. The BIA held that such deliberate fabrications warranted an adverse credibility finding, and we agree. *See Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) (holding that lying to immigration officials "always counts as substantial evidence supporting an adverse credibility finding"). In light of that holding, substantial evidence supports the BIA's denial of withholding of removal and protection under the CAT.

Mita Rahman, Aman Rahman's wife, was granted asylum under false pretenses in 2009. She was present in the Immigration Court in 2004 when the false testimony described above was provided and accepted a grant of asylum knowing that it was based on a frivolous application. The BIA found that this attempt to benefit from Aman Rahman's falsehoods gave rise to an adverse

credibility determination. Because there is substantial evidence supporting this finding, as well as the previous findings, we affirm. *See id*. at 1182 ("It doesn't matter which spouse told the lie and which one tacitly assented . . . .").

Lastly, the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) eliminates our jurisdiction to review the BIA's determinations that Sharat Rahman and Urmi Rahman did not possess the requisite "good moral character" in the past five years to qualify for voluntary departure or cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (divesting courts of jurisdiction to review BIA judgments granting relief under 8 U.S.C. §§ 1229b (cancellation of removal) and 1229c (voluntary departure)); *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002) (concluding that the IIRIRA "eliminates jurisdiction [] over decisions by the BIA that involve the exercise of discretion"). The BIA so decided, and we are thus foreclosed from considering the challenges to the BIA's findings.

For these reasons, we affirm the BIA's decision to deny withholding of removal and CAT relief to Aman and Mita Rahman and dismiss the petitions of their children for want of jurisdiction.

**Petitions for review DENIED as to Aman and Mita Rahman and DISMISSED as to Sharat and Urmi Rahman.**